## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

LINCOLN G.,                                  )
                                             )
      Plaintiff,                         )
                                             )
v.                                           )
                                             )     Case No. 18-cv-00585-SH
KILOLO KIJAKAZI, Acting                      )
Commissioner of Social Security,[1]          )
                                             )
      Defendant.                        )

### OPINION AND ORDER

Before the Court is Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff's motion—filed six months after the dismissal of the Commissioner's appeal—is untimely. In any event, the position of the United States was substantially justified. Plaintiff's motion will be denied.

### Background

#### *Administrative Level*

In May 2015, Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income. (R. 222-29.) Plaintiff's claims for benefits were denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). (R. 55-102, 124-25.) ALJ Christopher Hunt conducted an administrative hearing and issued a decision on November 14, 2017, finding Plaintiff not disabled. (R. 16-24, 30-54.) On January 17, 2018, Plaintiff requested that the Appeals Council review the ALJ's decision. (R. 188-89.)

---

[1] Effective July 9, 2021, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

On June 21, 2018, while Plaintiff's request for review was pending, the Supreme Court decided *Lucia v. SEC*, 138 S. Ct. 2044 (2018).  In *Lucia*, the Supreme Court ruled that ALJs working for the Securities and Exchange Commission ("SEC") were "Officers of the United States" and subject to the Appointments Clause, U.S. Const. art. II, § 2, cl. 2. *Id.* at 2049, 2055.  As a result, the SEC's ALJs could only be appointed by the President, a court of law, or a head of department.  *Id.* at 2051 & n.3.  *Lucia* did not address the validity of other agencies' ALJ appointments, and the Supreme Court emphasized that the plaintiff had made a "timely challenge" to the appointments.  *Id.* at 2055.

To address any issues raised by the potential application of *Lucia* to its ALJs, on July 16, 2018, the Acting Commissioner of the Social Security Administration ("SSA") ratified all prior ALJ appointments and approved them as her own.  *See* Social Security Ruling ("SSR") 19-1p, 2019 WL 1324866, at *2 (March 15, 2019).

On September 6, 2018, the Appeals Council denied Plaintiff's request for review (R. 1-6), rendering the ALJ's decision the final decision of the Commissioner, 20 C.F.R. §§ 404.981, 416.1481.

At no time prior to this final decision did Plaintiff raise an Appointments Clause challenge.

### *District Court Proceedings*

Pursuant to 42 U.S.C. § 405(b), Plaintiff sought a district court's review of the Commissioner's decision to deny benefits.  (ECF No. 2.)  On May 10, 2019, in his opening brief, Plaintiff raised for the first time an argument that the ALJ's appointment was invalid at the time of the decision appealed.  (ECF No. 12 at 14-15.)  The Court agreed, finding substantial evidence supported the ALJ's decision, but remand was nonetheless warranted under the Appointments Clause.  (ECF No. 24.)  In reaching this conclusion,

Magistrate Judge Frank H. McCarthy[2] relied on *Sims v. Apfel,* 530 U.S. 103 (2000)*,* to find that Plaintiff had not forfeited his Appointments Clause argument by failing to raise the issue before the SSA.  (*Id.* at 12-14.)

### Appellate Court Proceedings

The Commissioner appealed Judge McCarthy's order to the Tenth Circuit on May 14, 2020.  (ECF No. 26.)  By this point, the Appointments Clause and waiver arguments were being addressed in other cases already on appeal, and Plaintiff's appeal was abated pending the issuance of mandate in two other pending appeals—*Carr v. Comm'r* and *Minor v. Comm'r*.  *See Goff v. Comm'r*, No. 20-5050 (10th Cir. June 29, 2020).

The *Carr* and *Minor* decisions came out on June 15, 2020.  There, the Tenth Circuit held that claimants waived Appointments Clause challenges by failing to exhaust them before the SSA.  *Carr v. Comm'r*, 961 F.3d 1267, 1268 (10th Cir. 2020).  In so holding, the Tenth Circuit found *Sims* did not govern the issue of exhaustion before an ALJ.  *Id.* at 1274-75.  And, the Tenth Circuit rejected the Third Circuit's contrary opinion, particularly its finding that, "given their constitutional nature, such challenges are 'beyond the power of the agency to remedy.'"  *Id.* at 1275 (quoting *Cirko v. Comm'r of Soc. Sec.,* 948 F.3d 148, 157 (3d Cir. 2020)).

The Supreme Court granted certiorari in *Carr* to resolve a conflict among circuit courts on the Appointments Clause issue-exhaustion requirement, and on April 22, 2021, issued an opinion reversing the Tenth Circuit's decision.  *Carr v. Saul*, 141 S. Ct. 1352, 1357, 1362 (2021).  This was the first time the Supreme Court explicitly applied its holding in *Lucia* to the SSA's ALJs.  *Id.* at 1362 (noting *Lucia* did not "ha[ve] occasion to opine on

---

[2] Following Judge McCarthy's retirement, this case was reassigned to the undersigned magistrate judge.

what would constitute a 'timely' objection in an administrative review scheme like the SSA's").  Like Judge McCarthy, the Supreme Court found that much of what *Sims* said about issue exhaustion at the Appeals Council level applied equally to ALJ proceedings—at least for Appointments Clause challenges.  *Id*. at 1359-60.  The Supreme Court also, like the Third Circuit, found it made "little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested."  *Id*. at 1361.  The Court, therefore, concluded that "claimants who raise [Appointments Clause] issues for the first time in federal court are not untimely in doing so."  *Id*. at 1362.

Following *Carr*, the Commissioner in this case moved the Tenth Circuit for voluntary dismissal of her appeal with each party bearing its own costs.  (10th Cir. Case No. 20-5050, Doc. #010110526065 (May 24, 2021).)  The Commissioner's motion stated,

> Plaintiff consents to dismissal, but opposes the proposed apportionment of costs.  Under Federal Rule of Appellate Procedure 42(b), the Court may dismiss the appeal and may issue an order directing how costs should be divided between the parties.  Accordingly, the Court should dismiss this appeal.

(*Id*.)  The Tenth Circuit granted, in part, the Commissioner's motion to dismiss and ordered,

> This appeal is DISMISSED.  Should Appellee wish to seek costs pursuant to [Fed. R. App. P.] 39(a) notwithstanding the fact that this appeal was abated prior to the commencement of briefing, he must do so within 14 days of the date of this order.  Fed. R. App. P. 39(d)(1).

(ECF No. 32.)  Mandate then issued.  (ECF No. 33.)

Almost six months later, on November 22, 2021, Plaintiff filed a motion in this Court for attorney fees pursuant to the EAJA.  (ECF No. 34.)

## Analysis

### I.    Plaintiff's Application was Untimely

An application for fees under the EAJA is due within 30 days of "final judgment in the action" where "final judgment" means a "judgment that is final and not appealable . . . ." 28 U.S.C. § 2412(d)(1)(B), (2)(G).  This means the clock starts 30 days after the time has expired to appeal "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

The Commissioner contends the Tenth Circuit's order of dismissal was a final, non-appealable judgment.  (ECF No. 38 at 4.)  Therefore, Plaintiff's application fell long after the 30-day deadline and should be denied as untimely.  (*Id*. at 4-6.)  Plaintiff argues that the Commissioner could have appealed the order of dismissal and, therefore, it was not final until the time to file a petition for writ of certiorari had expired.  (ECF No. 39 at 3-4.)  As that time expired on October 21, 2022,[3] Plaintiff asserts his application on November 22, 2021, was timely.  (*Id*. at 4.)  *See also* Fed. R. Civ. P. 6(a)(1)(C).  The Court disagrees.

Pursuant to the rules in effect in 2021, an appeal could be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.  Fed. R. App. P. 42(b) (2021).  In general, once an appeal has been voluntarily dismissed, the appellant is in the same position as someone who had never filed an appeal, and the appellate court lacks jurisdiction to hear or revive the merits of the appeal.  *See Colbert v. Brennan*, 752

---

[3] Normally, a petition for a writ of certiorari is due 90 days after a judgment of the court of appeals.  *See* 28 U.S.C. § 2101(c); Sup. Ct. R. 13(1).  However, this time period was extended to 150 days for cases like this one.  *See* Order, (U.S., July 19, 2021), available at https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last visited Dec. 15, 2022).

F.3d 412, 416-17 (5th Cir. 2014).  By logical extension, the appellant similarly could not petition the Supreme Court for a writ of certiorari to review the judgment of the court of appeals in that non-existent appeal.

As both parties have done, the Court analogizes this situation to a circumstance where a plaintiff, at the district court level, moves for the voluntarily dismissal of her claims.  In such cases, when a party voluntarily moves to dismiss, she generally cannot appeal the judgment.  *Bryan v. Office of Personnel Management,* 165 F.3d 1315, 1321 (10th Cir. 1999).  There are exceptions to this rule, but such exceptions apply when the dismissal granted is substantively different than that requested (i.e., with prejudice versus without), or the court does not dismiss all the claims, or the court imposes terms as a condition of permitting that dismissal.  *Id*. at 1321 n.7.  Even applying *Bryan* by analogy, no such conditions on dismissal were imposed and the substance of the dismissal was as requested.  The Tenth Circuit granted a full, unconditional dismissal, while noting the method by which Plaintiff could seek costs post-judgment.  (ECF No. 32 at 2 (citing Fed. R. App. P. 39(d)(1)).)  The Commissioner could not have attempted any further appeal.

Plaintiff similarly could not appeal the Tenth Circuit's order dismissing the Commissioner's appeal.  Plaintiff consented to the dismissal.  (10th Cir. Case No. 20-5050, Doc. #010110526065 (May 24, 2021).)  *Cf. Mock v. T.G. & Y. Stores Co.,* 971 F.2d 522, 526 (10th Cir. 1992) (noting the well-accepted rule that a party generally may not appeal from a consent judgment).  The only opposition Plaintiff raised was to any apportionment requiring each party to bear its own costs.  (*Id*.)  A request for costs "raises issues wholly collateral to the judgment in the main cause of action."  *Buchanan v.*

*Stanships, Inc.,* 485 U.S. 265, 268 (1988).  Had Plaintiff sought costs under Rule 39(d),[4] and the Tenth Circuit had granted or denied those costs, the losing party could have attempted, perhaps, to appeal that collateral decision.  But, the open issue of costs would have no effect on the finality of the judgment on the merits.  *Cf. Utah Women's Clinic, Inc. v. Leavitt,* 75 F.3d 564, 567 (10th Cir. 1995) (noting "a [Fed. R. Civ. P.] 59(e) motion, challenging only the award of costs and attorney's fees, does not toll the time for a merits appeal").

The Tenth Circuit's order of dismissal was final and non-appealable when entered on May 24, 2021, and Plaintiff's 30 days to file his application for EAJA fees ran until June 23, 2021.  Plaintiff did not file his application within the time limit, depriving this Court of the ability to award the requested fees.  *See Bryan*, 165 F.3d at 1321.[5]

## II.    Even if Timely, Plaintiff's Application Would Fail

### A.    Standard of Review

Under the EAJA, a fee award "is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  The Commissioner does

---

[4] As the Tenth Circuit's order indicated, it is difficult to envision what costs Plaintiff could have incurred, given the Commissioner filed the appeal and no briefing occurred.  *See* 28 U.S.C. § 1920 (setting forth the categories of taxable costs).

[5] The Tenth Circuit, in *Bryan*, referred to the 30-day time limit as "jurisdictional in nature."  165 F.3d at 1321.  The Supreme Court later found the deadline is not properly called "jurisdictional" in the sense that it might concern the federal courts' subject-matter jurisdiction.  *Scarborough v. Principi,* 541 U.S. 401, 413-14 (2004).  That does not mean this Court can award fees even when the 30-day deadline is wholly unmet.  *Cf. id.* at 418-419, 423 (allowing, under guidance of relation-back doctrine, for a timely filed application to be amended).  Plaintiff has provided no basis—legal or factual—for the Court to find an out-of-time application should proceed.  Nevertheless, the Court will also address the merits of Plaintiff's motion for clarity and to allow a fulsome review on appeal.

not dispute that Plaintiff is a party, as limited by § 2412(d)(2)(B), or that Plaintiff is the "prevailing party." The Commissioner similarly does not argue that special circumstances would render an award in this case unjust. Therefore, the sole issue before the Court is whether the Commissioner's position was substantially justified.

The Commissioner has the burden of establishing that her position was substantially justified—a test of reasonableness in law and fact. *Hackett*, 475 F.3d at 1172. The Commissioner's position is "substantially justified" if it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Because substantial justification is a question of reasonableness, the Commissioner's position can be substantially justified even if it was wrong. *See Madron v. Astrue,* 646 F.3d 1255, 1257 (10th Cir. 2011) ("it does not necessarily follow from our decision vacating an administrative decision that the government's efforts to defend that decision lacked substantial justification").

The Commissioner's success or failure on the merits at various stages in the proceeding is relevant to the substantial justification analysis, but it is not determinative. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). Nonetheless, "[t]he government is more likely to meet [the substantial justification] standard when the legal principle on which it relied is 'unclear or in flux.'" *Evans v. Colvin,* 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished) (quoting *Martinez v. Sec'y of Health & Human Servs.,* 815 F.2d 1381, 1383 (10th Cir. 1987)).[6]

For purposes of EAJA fees, the Commissioner's "position" includes the stance taken in the underlying administrative proceedings and during any subsequent civil

---

[6] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

litigation. *Hackett,* 475 F. 3d at 1172-74; *see also* 28 U.S.C. § 2412(d)(2)(D) (defining "position of the United States"). Accordingly, the Commissioner must demonstrate her position was substantially justified at all phases of Plaintiff's disability proceedings. *Hackett*, 475 F.3d at 1174 (noting a substantially justified litigation position does not necessarily offset prelitigation conduct that was without a reasonable basis). Substantially justified means "more than merely undeserving of sanctions for frivolousness," *Pierce*, 487 U.S. at 566, but it does not require the Commissioner to prove her decision to litigate was based on a substantial probability of prevailing, *Hadden*, 851 F.2d at 1267-68.

### B. The Commissioner's Position was Substantially Justified.

#### 1. Pre-Litigation Administrative Phase

During the pre-litigation phase, neither Plaintiff nor the Commissioner raised the issue of whether ALJs were constitutionally appointed. As such, the ALJ and Appeals Council addressed only the merits of Plaintiff's claim that he was entitled to disability benefits.

The Commissioner contends this pre-litigation conduct was substantially justified, because Plaintiff never raised an Appointments Clause challenge at the administrative level and the law regarding the Appointments Clause exhaustion issue was unsettled. (ECF No. 38 at 6-16.) The Court agrees. As noted above, the Supreme Court decided *Lucia* between the time the ALJ decided Plaintiff was not disabled on November 14, 2017, and before the Appeals Council denied review on September 6, 2018. Courts considering the Appointments Clause issue after *Lucia*, but before the Appeals Council denial, concluded that a claimant's failure to raise an Appointments Clause challenge before the ALJ or the Appeals Council resulted in forfeiture of the issue on appeal, and seemingly questioned *Lucia's* applicability in the Social Security disability context. *See, e.g.,*

*Holcomb v. Berryhill,* No. EDCV 17-1341-JPR, 2018 WL 3201869 at *3 n.3 (C.D. Cal. June 27, 2018) ("To the extent *Lucia* applies to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during his administrative proceedings."); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 (C.D. Cal. July 25, 2018) (same).

There was also substantial justification for the SSA to believe that it need not address arguments <u>never</u> made before it at any level—whether before the ALJ or the Appeals Council.  In 2000, the Supreme Court had determined that a claimant seeking judicial review did not waive issues not included in his request for review by the Appeals Council.  *Sims,* 530 U.S. at 105.  In making this decision, the Supreme Court specifically noted, "Whether a claimant must exhaust issues before the ALJ is not before us."  *Id.* at 107.  Using the same reasoning applied by the Tenth Circuit in 2020, the Commissioner could reasonably believe in 2018 that an issue had to be raised somewhere before the SSA before the SSA had to consider it.  *See Carr*, 961 F.3d at 1276; *see also id.* at 1274 n.6 ("Since *Sims*, other circuits have imposed an issue exhaustion requirement in the SSA ALJ context." (collecting cases)).

If it was substantially justifiable for the SSA to believe a claimant had to raise an issue or waive it, it was similarly justifiable for the SSA not to raise the Appointments Clause issue *sua sponte*.  The position of the United States, including its failure to act *sua sponte*, was substantially justified.  *See* 28 U.S.C. § 2412(d)(2)(D) (noting that the "position of the United States" includes the agency's action or failure to act).[7]

---

[7] The Court rejects Plaintiffs' self-proving argument that, if the SSA failed to act, the SSA necessarily had no "position of the United States," which necessarily means that position could not be "substantially justified."  Such a reading would render the definition in § 2412(d)(2)(D) a nullity.  The Court rejects any findings to the contrary in *Armstrong v. Saul,* No. 19-2094, 465 F. Supp. 3d 486, 490 (E.D. Pa. June 9, 2020), and *Howard v. Saul,* No. 19-2262, 2020 WL 3288186, at*3 (E.D. Pa. June 18, 2020).

### 2.    Litigation Phase

The Commissioner also acted reasonably at the litigation level in federal court for much the same reason.  The Commissioner's position during the civil litigation was that Plaintiff forfeited his right to assert an Appointments Clause challenge on appeal because he failed to raise the issue during the administrative proceedings.  (ECF No. 20 at 7-15.)  The Commissioner asserts this litigation position was substantially justified in light of the conflicting outcomes and uncertainty surrounding the Appointments Clause exhaustion issue prior to the Supreme Court's April 22, 2021, decision in *Carr*.  (ECF No. 38 at 7, 11-16.)  The court agrees.

When the Commissioner filed its brief in October 2019, there were no appellate court decisions addressing the exhaustion of Appointments Clause challenges in the context of a social security disability appeal, and district courts within the Tenth Circuit were split on the issue.  *Compare, e.g., A.T. v. Berryhill,* No. 17-4110-JWB, 2019 WL 184103, at *7 (D. Kan. Jan. 14, 2019) (agreeing a failure to raise an Appointments Clause issue at the administrative level "operates as a waiver"), *with Katrina Louise K. v. Saul,* No. 18-CV-208-JFJ, 2019 WL 4751550, at *6 (N.D. Okla. Sept. 30, 2019) (joining the "minority position" and finding no forfeiture).  The differences of opinion among the district courts within the Tenth Circuit emphasizes that the question of whether a claimant forfeited an Appointments Clause challenge by failing to raise it in the administrative proceedings was not well-settled during the civil litigation phase of this case.

Moreover, "the vast majority" of district courts that addressed the question agreed with the Commissioner and held an Appointments Clause challenge was forfeited if not raised at the administrative level.  *Dewbre v. Comm'r,* No. 18-CV-4055-LRR, 2019 WL

4344288, at *6 (N.D. Iowa Sept. 12, 2019) (collecting cases from 23 districts).  This widespread support among the district courts is a strong indication of objective reasonableness and weighs in favor of finding the Commissioner's litigation position substantially justified.  *See Pierce,* 487 U.S. at 569 ("Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. . . .  Nevertheless, a string of losses can be indicative; and even more so a string of successes.").

Similarly, before Judge McCarthy issued his opinion in Plaintiff's favor and continuing while the appeal was pending, the circuits split on the exhaustion issue.  The Third, Fourth, and Sixth Circuits held that claimants could raise the Appointments Clause issue for the first time in federal court.  *See Cirko,* 948 F.3d at 152 (3d Cir. 2020); *Probst v. Saul,* 980 F.3d 1015, 1018 (4th Cir. 2020); *Ramsey v. Comm'r,* 973 F.3d 537, 539 (6th Cir. 2020).  The Eighth and Tenth Circuits adopted the Commissioner's forfeiture argument.  *See Davis v. Saul,* 963 F.3d 790, 791 (8th Cir. 2020); *Carr,* 961 F.3d at 1268 (10th Cir. 2020).  "This split of appellate authority provides support for the Commissioner's argument that reasonable minds could and did differ as to the forfeiture of Appointments Clause challenges prior to the Supreme Court's decision in *Carr*."  *Reese v. Kijakazi,* No. CIV-19-0139-KBM, 2021 WL 5493026, at *5 (D.N.M. Nov. 23, 2021); *see also see also Koch v. U.S. Dep't of Int.,* 47 F.3d 1015, 1021 (10th Cir. 1995) (denying EAJA fees after noting circuit disagreement on issue).

## Conclusion

The Court finds the Commissioner has met her burden of showing the position of the United States was substantially justified at all phases.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (ECF No. 34) is DENIED.

ORDERED this 20th day of December, 2022.

_____

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT